IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CIVIL NO. 15-00472 SOM/BMK |
| | ) | |
| ADAM LEE, | ) | |
| | ) | ORDER DENYING EX PARTE |
| Debtor, | ) | EMERGENCY MOTIONS TO STAY |
| | ) | BANKRUPTCY COURT ORDER |
| | ) | APPROVING SALE OF PALUA PLACE |
| | ) | # 1 |
| ADAM LEE, | ) | |
| | ) | Bankr. Case No. 13-01356 (RJF) |
| Appellant, | ) | Chapter 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| DANE S. FIELD, Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

**ORDER DENYING EX PARTE EMERGENCY MOTIONS TO STAY BANKRUPTCY COURT ORDER APPROVING SALE OF PALUA PLACE # 1**

**I.     INTRODUCTION.**

On November 17, 2015, Debtor/Appellant Adam Lee filed two nearly identical ex parte motions seeking a stay of a Bankruptcy Court order that approved the sale of Palua Place #1. See ECF Nos. 8 and 9. This court denies the motions.

**II.    FACTS.**

This is the third bankruptcy appeal this court has been asked to adjudicate involving Lee.

On September 21, 2015, this court affirmed a Bankruptcy Court ruling in an adversary proceeding filed by the bankruptcy trustee on January 14, 2014, No. 14-90003, that determined that

Lee had fraudulently transferred two properties, Palua Place #1 and Palua Place # 2, in Honolulu, to himself and his wife as tenants by the entirety.  In re Adam Lee (Field v. Lee), Civ. No. 15-00100 SOM/RLP, 2015 WL 5598319 (Sept. 21, 2015).

On November 17, 2015, this court affirmed a Bankruptcy Court order requiring Lee to turn over possession of the Palua Place properties to the bankruptcy trustee.  In so ruling, this court viewed the adversary proceeding filed by the bankruptcy trustee to be a written "objection" to Lee's claimed tenancy-by-the-entirety exemptions for the Palua Place properties.  See ECF No. 27, Civ. No. 15-00278 SOM/RLP.

This court was unaware at the time it filed its order on November 17, 2015, that Lee had filed the present ex parte emergency motion to stay the Bankruptcy Court order at issue in the present appeal.  See ECF No. 8.  The emergency motion was filed approximately 1½ hours before the court's order was filed. Id.

The emergency motion seeks a stay of the Bankruptcy Court's order filed on November 9, 2015, which approved the sale of Palua Place # 1 to Dan Kailukaitis and Nancy Convard (and/or their assignees) for $900,000.  See ECF No. 8, PageID # 117. Keahi D. Pelayo, a licensed Realtor Broker with KU Realty, LLC, was authorized by the Bankruptcy Court on March 9, 2015, to be the real estate agent for the sale of Palua Place # 1 and # 2.

<u>See</u> Bankr. Ct. No. 13-01356, Docket No. 310.  Pelayo says he conducted extensive marketing of Palua Place # 2, but that Lee failed to cooperate in showing that property.  Pelayo says that, when he was able to show Palua Place # 2 to Kailukaitis and Convard, they expressed an interest in purchasing Palua Place # 1.  <u>Id.</u>  Ultimately, they offered the trustee $900,000 for Palua Place # 1, which the trustee accepted.  <u>Id.</u>  Pelayo recommended that the sale be subject to an overbidding process.  <u>Id.</u>  Pelayo says that he believes the purchase price to be fair and reasonable under the circumstances, as it was more than what he recommended as the listing price and was more than the $850,000 valuation of the property stated by Lee in his Schedule C.  <u>See</u> Bankr. Ct. No. 13-01356, Docket No. 15, Page 5 of 36.

According to the City & County of Honolulu, Department of Budget and Fiscal Services, Real Property Assessment Division, Palua Place # 1 had an assessed value of $939,900 for 2015.  <u>See</u> http://qpublic9.qpublic.net/hi honolulu display.php?county=hi honolulu&KEY=330250800001 (last visited November 18, 2015).  This means that the sale price of Palua Place # 1 was $39,900 less than the tax-assessed value.

Lee initially sought a stay of the order approving the sale of Palua Place # 1 from the bankruptcy judge.  <u>See</u> Bankr. Ct. No. 13-01356, Docket No. 374.  That motion was denied on

November 17, 2015.  Bankr. Ct. No. 13-01356, Docket No. 385.  Lee then filed the present motion with this court.

**III.     ANALYSIS.**

As an initial matter, the court notes that Lee has failed to demonstrate why this is a motion that should be adjudicated on an ex parte basis.  Although Lee served a copy of the motion on the trustee's attorney, and although the attorney indicated that the motion would be opposed, Lee has not demonstrated why this court should not have the benefit of two-sided briefing.  At most, Lee expresses worry that he might get kicked out of the property on November 23, 2015.  But the purported need for an expedited ruling to avoid potential harm occurring in five days does not automatically equate with a need for a one-sided presentation.  The court therefore denies the motion.

Even if the court considered the merits of the motion under the one-sided circumstances Lee offers, the court would deny it.  Rule 8007 of the Federal Rules of Bankruptcy Procedure, formerly Rule 8005, allows motions seeking stays of bankruptcy court judgments, orders, and decrees.  The rule states that such motions should ordinarily be initially presented to the bankruptcy judge, but may be filed with a district court.  The accepted standard for discretionary stays, such as the one requested here, applies to the present motion.  That is, Lee must

4

show that he is likely to succeed on the merits of his appeal, that he will suffer irreparable injury absent the requested stay, that no substantial harm will come to the appellee, and that the stay will not harm the public interest. See In re O'Kelley (O'Kelley v. Wilkerson), 2009 WL 3209078, *3 (D. Haw. Oct. 6, 2009); In re Wymer, 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980).

Lee's motion is long on words but short on substance. Lee argues that he will succeed on his appeal because 1) the trustee's sale of the property fails the business judgment test; 2) he will succeed on his appeal in Civil No. 15-00278 SOM/RLP; 3) the $900,000 sale price is insufficient to pay everything necessary; and 4) the sale would deprive this court of the ability to grant full relief to Lee, if the court reverses the sale order.  None of these arguments is persuasive.

Lee says that the bankruptcy trustee was required to exercise sound business judgment in conducting the sale of Palua Place # 1.  Lee says that the trustee failed to exercise sound business judgment when he accepted the $900,000 offer without first listing the property for sale.  Lee also claims that the $900,000 was too little because the tax-assessed value of the property is $939,900.  The court is not persuaded that Lee has demonstrated any abuse of discretion by the trustee or the Bankruptcy Court in accepting the offer under the circumstances. The realtor has represented that, given Lee's refusal to allow

showings of his other property, the sale of the property for $900,000 is fair and reasonable. The realtor has noted that the sales price was more than what he was going to recommend the property be listed at and was more than Lee valued the property at when he filed his Schedule C. The realtor also recommended that the $900,000 sale price be subject to an overbid process before the Bankruptcy Court. Under these circumstances, Lee fails to demonstrate a likelihood of success on the merits of his "business judgment" argument.

Lee next argues that he is likely to succeed on his appeal in Civil No. 15-00278 SOM/RLP. But this court yesterday affirmed the bankruptcy order being appealed in that case. Accordingly, Lee demonstrates no likelihood of success on the merits on that argument.

Lee's third argument is that the $900,000 sale price is insufficient to pay everything that needs to be paid. That argument assumes that Lee can claim a $669,000 exemption concerning that property because it is held in a tenancy by the entirety. This court said in Civil No. 15-00278 SOM/RLP that he could not claim such an exemption. Lee therefore shows no possibility of success with respect to that argument.

Lee's fourth argument is that, if the court fails to stay the order pending the adjudication of his appeal, the court will be unable to grant him relief if he prevails on his appeal.

But Lee fails to demonstrate how he would be able to keep his home such that he can say he will be irreparably harmed if the court does not stay the order.  The court has already ruled that Lee has no valid exemption with respect to the property.  Lee has not demonstrated any entitlement or ability to keep his home absent that exemption.  Keeping a home is not really at issue.  Instead, Lee's appeal is more about money.  Any argument that the house is being sold for too little can be remedied with money.  Lee suffers no potential irreparable harm.  Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980) ("It is well established, however, that such monetary injury is not normally considered irreparable.").

**V.    CONCLUSION.**

Because Lee fails to show a likelihood of success with respect to his appeal and any irreparable injury, the court denies both ex parte emergency motions to stay the sale of Palua Place # 1.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 18, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

In re Adam Lee, Civ. No. 15 00472 SOM/BMK; ORDER DENYING EX PARTE EMERGENCY MOTIONS TO STAY BANKRUPTCY COURT ORDER APPROVING SALE OF PALUA PLACE # 1