IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re ) | CIVIL NO. 15-00472 SOM/BMK |
| ) | |
| ADAM LEE, ) | |
| ) | ORDER DISMISSING APPEAL |
| Debtor, ) | |
| ) | Bankr. Case No. 13-01356 (RJF) |
| _____ ) | Chapter 7 |
| ) | |
| ADAM LEE, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | |
| DANE S. FIELD, Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

**ORDER DISMISSING APPEAL**

On November 10, 2015, Debtor/Appellant Adam Lee filed the present appeal from a Bankruptcy Court order approving the sale of real property.  This court is now presented with an unusual motion claiming that the appeal is moot before Lee has even framed the issues in an opening brief.  But because the only issue Lee identifies as not being moot is something at issue in an appeal already before the Ninth Circuit Court of Appeals, and because that issue is not really at issue in this appeal, the court sees no live controversy.  Accordingly, this appeal is dismissed as moot.

This is the third bankruptcy appeal this court has been asked to adjudicate involving Lee.  On September 21, 2015,

this court affirmed a Bankruptcy Court ruling in an adversary proceeding filed by the Bankruptcy Trustee on January 14, 2014, No. 14-90003, that determined that Lee had fraudulently transferred two properties, Palua Place #1 and Palua Place # 2, in Honolulu, to himself and his wife as tenants by the entirety. In re Adam Lee (Field v. Lee), Civ. No. 15-00100 SOM/RLP, 2015 WL 5598319 (Sept. 21, 2015).  Lee has appealed that order and judgment to the Ninth Circuit.  See Civ. No. 15-100 SOM/RLP, ECF No. 21.

On November 17, 2015, this court affirmed a Bankruptcy Court order requiring Lee to turn over possession of the Palua Place properties to the Bankruptcy Trustee.  In so ruling, this court viewed the adversary proceeding filed by the Bankruptcy Trustee to be a written "objection" to Lee's claimed tenancy-by-the-entirety exemptions for the Palua Place properties.  The court ruled that Lee did not have valid exemptions on the properties.  See ECF No. 27, Civ. No. 15-00278 SOM/RLP.  Lee has appealed that order and judgment to the Ninth Circuit.  See Civ. No. 15-278 SOM/RLP, ECF No. 29.

On December 14, 2015, the Bankruptcy Trustee moved to dismiss the present appeal, arguing that it is moot because the real property at issue has been sold to a good-faith purchaser for value.  See ECF No. 15.  Lee agrees that, pursuant to 11 U.S.C. § 363(m), any reversal of this court's orders that are the

subject of pending appeals to the Ninth Circuit will not affect the validity of the sale of the property in the present action. See ECF No. 16, PageID # 240 ("Trustee's pleading (pacer #15) is correct that Appellant Lee cannot get Palua 1 back from the third party buyer, if, as Trustee represents, the sale of Palua 1 has closed, to the third party buyer.").

Lee argues that this appeal is not moot because he can get his $669,000 exemption paid from the $900,000 sales price if the Ninth Circuit reverses this court's order and judgment in Civil No. 15-278 SOM/RLP.  But the Bankruptcy Court order that is the subject of the present action already states that "the balance of the proceeds shall be held by the Trustee pending further order of the United States Bankruptcy Court for the District of Hawaii."  ECF No. 14-1, PageID # 201.  That is, there does not appear to be any actual controversy as to the availability of sales proceeds to be provided to Lee in the event the Ninth Circuit rules in his favor in the appeals now pending in the Ninth Circuit.  Whether Lee is entitled to payment of his $669,000 exemption is the very issue before the Ninth Circuit arising from this court's order in Civil No. 15-278 SOM/RLP.

3

Because Lee identifies no live issue that must be resolved by this court in the present appeal, the court dismisses the present appeal as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 30, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

In re Adam Lee, Civ. No. 15-00472 SOM/BMK; ORDER DISMISSING APPEAL